**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **ADMINISTRATOR OF THE ESTATE OF ANIRUDH NAGARAJAN RAJESH** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **No.** _____ |
| **TARGET, CORP. and DOREL JUVENILE GROUP, INC.** | ) ) ) | |
| **Defendants.** | ) | |

<u>**NOTICE OF REMOVAL**</u>

　　　　PLEASE TAKE NOTICE that Defendants, Dorel Juvenile Group, Inc. ("DJG") and Target, Corp. ("Target"), hereby remove the above-captioned action from the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, to the United States District Court for the District of Connecticut, pursuant to the United States Code, Title 28, sections 1332, 1441 and 1446.  A copy of this Notice of Removal shall be filed with the Clerk of the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, in order to effect removal pursuant to Title 28, section 1446(d). The State Court shall proceed no further unless and until this case is remanded.  28 U.S.C. § 1446(d).

## I.  BACKGROUND

1.  The Plaintiff Administrator of the Estate of Anirudh Nagarajan Rajesh ("Plaintiff") commenced an action by way of service of a Summons and Complaint, which is returnable on October 13, 2009 to the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, and captioned "Administrator of the Estate of Anirudh Nagarajan Rajesh vs. Target, Corp. and Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group."  The Complaint was recently filed in the Superior Court of the State of the State of Connecticut, Judicial District of Hartford at Hartford and assigned the Docket Number CV 09-5033166-S.

2.  The Complaint alleges that a minor child died following an automobile accident in which he was using a car seat manufactured by DJG and sold by Target, and asserts an action against each Defendant pursuant to the Connecticut Product Liability Act.  It is further alleged that Paul Bialobrzeski, Esquire, is the duly appointed Administrator of the Estate of the aforementioned minor child.

3.  This action first became removable when the Complaint was served on and received by Defendant Target on September 21, 2009.  Defendant DJG was subsequently served on September 24, 2009.  Therefore, this Notice of Removal is timely filed under United States Code, Title 28, section 1446(b).

4.  A copy of the aforesaid Summons, Complaint, and Statement of Amount in Demand is attached hereto as Exhibit A.  These documents represent all of the pleadings filed in the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, and, further, there are no pending motions that require action by a Judge of the United States District Court for the District of Connecticut after removal.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut  06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

5.     This action is a civil action that falls under the Court's original jurisdiction pursuant to United States Code, Title 28, section 1332, and is one that may be removed to this Court by the Defendants pursuant to the provisions of Title 28, section 1441 (a) and (c).

6.     All named Defendants join in the removal of this action to this Court.

7.     Written notice of the removal of this action will be given simultaneously to plaintiff's counsel.  A copy of this Notice of Removal will be filed promptly with the Clerk of the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, in the form attached as Exhibit B to effect removal pursuant to United States Code, Title 28, section 1446(d).

## II.   GROUNDS FOR REMOVAL

This case is removable pursuant to United States Code, Title 28, section 1441 because the United States District Court has original jurisdiction under Title 28, section 1332(a), which provides in pertinent part:   "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between — (1) citizens of different states."

### A.     Diversity of Citizenship

1.     The decedent minor child was a resident of Connecticut.  See Complaint, Ex. A, ¶ 1.  Plaintiff Administrator, Paul Bialobrzeski, Esq. is also a resident of Connecticut.  Therefore, Plaintiff is a citizen of the State of Connecticut.

2.     Defendant DJG is a Massachusetts corporation with its principal place of business in Indiana.  *Cf.,* Complaint, Ex. A, ¶ 3.  Defendant Target is a Minnesota corporation with its principal place of business located therein.  *See,*

3

Complaint, Ex. A ¶ 2.  Accordingly, none of the named Defendants was, at the time of the commencement of this action, or any time thereafter, a citizen of the State of Connecticut.

    3.    This case meets the diversity requirement for federal jurisdiction under United States Code, Title 28, section 1332(a) because this controversy is between citizens of different states.

**B.    Amount in Controversy**

    1.    Connecticut General Statute  section 52-91 does not require a plaintiff to allege that he seeks damages of any specific amount; plaintiff is required to allege only that he seeks damages of "more than fifteen thousand ($15,000)."  That is what Plaintiff has done here.  See Statement of Amount in Demand, Ex. A.

    2.    Plaintiff seeks wrongful death damages arising out of the death of a two year old child.  See Complaint, Ex. A, ¶ 1.  These damages include "expenses for hospital care, medical care, funeral and burial services" as well as loss of the capacity "to enjoy and carry on life's activities and . . . to earn wages in the future."  *See*, Complaint, ¶¶ 9-11.

    3.    The Complaint also seeks unspecified "punitive damages."  *See*, Complaint, p. 11.  Punitive damages should be included in calculating the amount in controversy for purposes of determining whether diversity jurisdiction exists.  Doctor's Associates, Inc. v. Hollingsworth, 949 F.Supp. 77 at fn. 6 (D. Conn. 1996).

    4.    "A complaint that presents a combination of facts and theories of recovery may support a claim in excess of $75,000 can support removal."  McPhail v. Deere & Co., 529 F.3d 947, 957 (10th Cir. 2008) (finding that the plaintiff's wrongful death claim was likely to exceed $75,000).  Citing McPhail and several other wrongful

4

death cases, the court in <u>Angrignon v. KLI, Inc.</u>, 2009 WL 506954 (S.D. Fla. Feb. 27, 2009) at *4 denied plaintiff's motion to remand because:

> Based on the unchallenged factual allegation that a life was lost, the Court has engaged in a common sense evaluation of the types of damages that Plaintiff is seeking and concludes Defendant has established by a preponderance of the evidence that the amount in controversy is in excess of $75,000.

    5.    Without conceding that Plaintiff is entitled to any damages (a fact that Defendants deny), it is facially apparent by a preponderance of evidence that the amount in controversy asserted in Plaintiff's claim against the Defendants exceeds $75,000.  If the Court for any reason is inclined to disagree, Defendants respectfully request the opportunity to conduct jurisdictional discovery to confirm the amount in controversy.  <u>McLoughlin v. People's United Bank, Inc.</u>, 586 F.Supp.2d 70, 72 (D.Conn. 2008) ("[W]here the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record.").

## III.    Prior Removed Action

    The case being removed herein involves factual allegations virtually identical to the allegations in a prior complaint, which complaint was also removed to this District Court (the "Prior Complaint").  The Prior Complaint was given the Case Number 3:09-cv-01467 (WWE) and assigned to Judge Warren W. Eginton by the Clerk of the United States District Court for the District of Connecticut.  The only apparent difference between the two actions is the substitution of Defendant Target in this present action for an improperly-named Defendant (Cosco, Inc.) in the Prior Complaint.  It does not

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut  06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

appear that the Plaintiff ever filed the Prior Complaint in the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford.

WHEREFORE, Defendants request that this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the Connecticut Superior Court regarding the action be stayed.  Defendants further demand that the trial of this matter in federal court be heard by a jury.

Dated: October 8, 2009

By: _____
John W. Bradley, Jr.
Federal Bar No. Ct05418
Rome McGuigan, P.C.
One State Street
Hartford, CT  06103-3101
(860) 549-1000
(860) 724-3921 (fax)
jbradley@rms-law.com

OF COUNSEL:

Walter C. Greenough
Jonathan Judge
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL  60606
(312) 258-5500

6

## **CERTIFICATE OF SERVICE**

This is to certify that on October 8, 2009 a copy of the foregoing was mailed, postage prepaid, U.S. Mail Delivery, to:

Bruce E. Newman
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT  06011-0575
(*Counsel of Record for Plaintiff*)

_____
John W. Bradley, Jr.

**Rome McGuigan, P.C.** • *Attorneys at Law*
One State Street • Hartford, Connecticut  06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

## **Index of Exhibits**

1. Exhibit A - State Court Pleadings

2. Exhibit B - Notice of Filing Notice of Removal

16004-1/GJ4941

***Rome McGuigan, P.C.*** • *Attorneys at Law*
One State Street • Hartford, Connecticut  06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

# EXHIBIT A

**ONS - CIVIL**
(mily Actions)
1-2000
51-347, 51-349, 51-350, 52-45a

**SUPERIOR COURT**

"X" ONE OF THE FOLLOWING:

*Amount, legal interest or property in demand, exclusive of interest and costs is:*

[ ] less than $2,500

[ ] $2,500 through $14,999.99

[X] $15,000 or more

("X" if applicable)

[ ] *Claiming other relief in addition to or in lieu of money or damages.*

## INSTRUCTIONS

1. Print or type legibly; sign original summons and conform copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.)
*(Must be a Tuesday)*
October 13, 2009

| [X] JUDICIAL DISTRICT | AT *(Town in which writ is returnable) (C.G.S. 51-346, 51-349)* | CASE TYPE *(See JD-CV-1c)* | | |
|---|---|---|---|---|
| [ ] HOUSING SESSION  [ ] GA NO | Hartford | Major **T** | Minor **20** | |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-347, 51-350)
95 Washington Street, Hartford, CT 06106

TELEPHONE NUMBER (with area code)
(860) 548-2700

| PARTIES | NAME AND ADDRESS OF EACH PARTY   NOTE: *Individual's Names:* (No., street, town and zip code)   *Last, First, Middle Initial* | [X] Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | Administrator of the Estate Anirudh Nagarajan Rajesh (Paul Bialobrzeski) 276 West Main Street, Waterbury, CT 06702 | | 01 |
| Additional Plaintiff | *(CT General Statute 93-919(b) and 93-663(b))* | | 02 |
| FIRST NAMED DEFENDANT | ★ TARGET, CORP. Attn: "Secretary" 1000 Nicollet Mall, Minneapolis, MN 55403 | | 50 |
| Additional Defendant | DOREL JUVENILE GROUP, Inc. a/k/a Dorel Juvenile Group P.O. Box 2609, Columbus, IN 47202-2609 | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

## NOTICE TO EACH DEFENDANT

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED (Sign and "X" proper box) | [X] Comm. Of Superior Court | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 09/02/09 | | [ ] Assistant Clerk | Bruce E. Newman |

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) | TELEPHONE NO. | JURIS NO (if atty or law firm) |
|---|---|---|
| Newman, Creed & Associates, P.O. Box 575, Bristol, CT 06011-0575 | 583-5200 | 419468 |

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip)   SIGNATURE OF PLAINTIFF IF PRO SE
Marsha Morann, 99 North Street, Route 6, Bristol, CT 06010

| # PLFS. | #DEFS | # CNTS. | SIGNED (Official taking recognizance, "X" proper box) | | For Court Use Only |
|---|---|---|---|---|---|
| 1 | 2 | 2 | [X] Comm. Of Superior Court  [ ] Assistant Clerk | | FILE DATE |

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

RETURN DATE: OCTOBER 13, 2009      : SUPERIOR COURT

     :

     : JUDICIAL DISTRICT OF

ADMINISTRATOR OF THE ESTATE OF      : HARTFORD

ANIRUDH NAGARAJAN RAJESH      :

     :

VS.      : AT HARTFORD

     :

TARGET, CORP. AND DOREL JUVENILE      :

GROUP, INC. a/k/a DOREL JUVENILE

GROUP      : SEPTEMBER 2, 2009

## COMPLAINT

FIRST COUNT:      (ADMINISTRATOR, OF THE ESTATE OF ANIRUDH
     NAGARAJAN RAJESH V. TARGET CORP.)

1.  The Administrator of the Estate of Anirudh Nagarajan Rajesh is Paul Bialobrzeski, Esq. and he was duly appointed on October 8, 2008. Anirudh was 22 months old on the date of his death and had been a resident of East Hartford, CT.

2.  The defendant Target, Corp. ("Target") is a retail sales chain which does business in Connecticut as a retail sales chain and sells, among other things, infant and child car seats. It has its headquarters and principle place of business in Minneapolis, Minnesota.

3.  The defendant Dorel Juvenile Group, Inc., is a corporation organized under the laws of the State of Indiana, and, upon information and belief, manufactures and distributes its products through entities such as Target in the State of Connecticut.

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

4. Prior to August 12, 2007, Rajesh Nagarajan, the father of Anirudh, purchased from Target a Scenera Convertible Car Seat, Model No. 22120, manufactured by Dorel Juvenile Group, Inc.("the car seat.")

5. On August 12, 2007, the young Anirudh was 22 months old and was properly fastened in the car seat in the back of a 1998 Honda 4 door sedan which was being operated by Rajesh Nagarajan. At the intersections of Route 85 and Route 82 known as the Salem Four Corners in Salem, Connecticut, an accident occurred whereby a truck driven by one Christopher Kelly crashed into the Nagarajan vehicle as it was proceeding to head west on Route 82.

6. The defendant Target was at all pertinent times a product seller within the definitions of the Connecticut Product Liability Act codified in Connecticut General Statutes §52-572(m).

7. The said car seat purchased by Rajesh Nagarajan was in a dangerous, defective and unsafe condition when sold, and was not reasonably fit for the uses intended. Specifically, the car seat did not offer proper protection to children from 5 to 40 pounds and from 19 to 43 inches in height because it allowed, among other things, for the harness to loosen and allowed the young passengers' heads to snap too far forward and allowed children such as Anirudh to be partially thrown out of the seat upon a severe impact.

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

2

8.  Pursuant to Connecticut General Statute §52-572(m) et seq., the defendant Target is liable and legally responsible to the plaintiff for the injuries and death of Anirudh in one or more of the following respects:

a) In that the seat had a defective harness mechanism which failed to restrain the young Anirudh, and his body and his head at the time of the collision and it was defective when sold and was at the time of said crash without substantial change in the condition from which it was manufactured and sold;

b) In that the car seat failed to properly warn or instruct the deceased plaintiff or specifically his parents of the dangerous propensities of the car seat so that they could have taken measures to prevent his head from being thrown too far forward in a crash and/or prevent him from being thrown out of it at the time of the collision, specifically by employing a different harness mechanism or replacing the harness mechanism with one which would keep his head from being snapped forward and prevent his body from being dislodged from the car seat;

c) In that the defendant Target misrepresented to the deceased plaintiff's family and the general public that the car seat was safe for use by the public;

d) In that the defendant Target failed to properly and adequately test the car seat prior to marketing and selling;

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

e) That the defendant Target knew or should have known the dangerous characteristics of said car seat but continued its distribution and sale;

f) In that the defendant Target breached the implied warranty of merchantability in that the car seat was not of merchantable quality nor fit for use for its intended purpose because it allowed the harness and straps securing a child in the car seat to become loose which in turn allowed for the young passenger's head to move and/or snap forward and allowed for young passengers, such as Anirudh, to become dislodged from the car seat;

g) In that the defendant Target breached express warranties that the car seat would be safe for its intended use, namely, to provide protection in a crash and restraint so that infant passengers' heads would not snap too far forward and/or so that they would not be thrown too far forward sustaining unnecessary head injuries and/or become dislodged from the car seat;

h) In that the defendant Target failed to discover the defects and unreasonable condition of the car seat prior to placing it into the stream on commerce;

I) In that the defendant Target failed to make sure that the car seat was safe when properly fastened and secured in a car and failed to assure the consumer that the harness mechanism would not loosen or open up upon impact and would not allow unnecessary movement of the child's head and body in and out

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
RISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

of the car seat upon impact;

j) In that the defendant Target failed to take reasonable and appropriate measures to insure that the car seat would be safe in a accident or crash to be sure that a young toddler or infant would not be thrown out of the car seat, or become dislodged and partially thrown out of the car seat and/or to be sure the child's head would not snap forward too far upon impact;

k) In that the defendant failed to address the various ways that the car seat harness system could loosen up on a young passenger and cause a young infant such as Anirudh's head to move excessively upon impact and/or his body to be thrown out of the car seat.

9. As a result of the product failure set forth above, the plaintiff's decedent suffered severe, painful and permanent injuries including a fracture of the right frontal bone of his head as well as a hemorrhage of the brain. The young Anirudh sustained severe abrasions to his head and face, a skull fracture, a collapsed lung, and severe trauma to his skull and spine. He had an emergency intubation which was attempted along with cardiac resuscitation. He sustained damage to his respiratory, circulatory, nervous and muscular systems. He suffered tremendous pain and anguish and ultimately succumbed to his injuries.

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

5

As a result of the product failure  described above, the plaintiff administrator has incurred expenses for hospital care, medical care, funeral and burial services and incidental expenses related thereto.

10.  As a further result of the product failure as set forth above, the plaintiff's decedent lost the capacity to enjoy and carry on life's activities and participate in all of its pleasures.

11.  As a further result of the product failure as set forth above, the deceased plaintiff's estate will incur substantial financial loss as a result thereof as the decedent's capacity to carry out life's activities was destroyed as was his ability to earn wages in the future.

SECOND COUNT:  (ADMINISTRATOR OF THE ESTATE OF ANIRUDH NAGARAJAN RAJESH V. DOREL JUVENILE GROUP, INC)

1.  The plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 5 of the First Count as though fully set forth herein.

6.  The defendant Dorel Juvenile Group, Inc. a/k/a Dorel Juvenile Group was at all pertinent times a product manufacturer and/or seller within the definitions of the Connecticut Product Liability Act codified in Connecticut General Statutes §52-572(m) and manufactured and put into the stream of commerce the car seat.

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

6

7.  The car seat purchased by Rajesh Nagarajan was in a dangerous, defective and unsafe condition when sold, and was not reasonably fit for the uses intended.  Specifically, the car seat did not offer proper protection to children from 5 to 40 pounds and from 19 to 43 inches in height because it allowed, among other things, for the harness to loosen and allowed the young passengers' heads to snap too far forward and allowed children such as Anirudh to be partially thrown out of the seat upon a severe impact.

8.  Pursuant to Connecticut General Statute §52-572(m) et seq., the defendant Dorel Juvenile Group, Inc. ("Dorel") is liable and legally responsible to the plaintiff for the injuries and death of Anirudh in one or more of the following respects:

a) In that the seat had a defective harness mechanism which failed to restrain the young Anirudh, and his body and his head at the time of the collision and it was defective when sold and was at the time of said crash without substantial change in the condition from which it was manufactured and sold;

b) In that the car seat failed to properly warn or instruct the deceased plaintiff or specifically his parents of the dangerous propensities of the car seat so that they could have taken measures to prevent his head from being thrown too far forward in a crash and/or prevent him from being thrown out of it at the time of the collision, specifically by employing a different harness mechanism or replacing the

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

harness mechanism with one which would keep his head from being snapped forward and prevent his body from being dislodged from the car seat;

c) In that the defendant Dorel misrepresented to the deceased plaintiff's family and the general public that the car seat was safe for use by the public;

d) In that the defendant Dorel failed to properly and adequately test the car seat prior to marketing and selling;

e) That the defendant Dorel knew or should have known the dangerous characteristics of said car seat but continued its distribution and sale;

f) In that the defendant Dorel breached the implied warranty of merchantability in that the car seat was not of merchantable quality nor fit for use for its intended purpose because it allowed the harness and straps securing a child in the car seat to become loose which in turn allowed for the young passenger's head to move and/or snap forward and allowed for young passengers, such as Anirudh, to become dislodged from the car seat;

g) In that the defendant Dorel breached express warranties that the car seat would be safe for its intended use, namely, to provide protection in a crash and restraint so that infant passengers' heads would not snap too far forward and/or so that they would not be thrown too far forward sustaining unnecessary head injuries and/or become dislodged from the car seat;

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

8

h) In that the defendant Dorel failed to discover the defects and unreasonable condition of the car seat prior to placing it into the stream on commerce;

l) In that the defendant Dorel failed to make sure that the car seat was safe when properly fastened and secured in a car and failed to assure the consumer that the harness mechanism would not loosen or open up upon impact and would not allow unnecessary movement of the child's head and body in and out of the car seat upon impact;

j) In that the defendant Dorel failed to take reasonable and appropriate measures to insure that the car seat would be safe in a accident or crash to be sure that a young toddler or infant would not be thrown out of the car seat, or become dislodged and partially thrown out of the car seat and/or to be sure the child's head would not snap forward too far upon impact;

k) In that the defendant Dorel failed to address the various ways that the car seat harness system could loosen up on a young passenger and cause a young infant such as Anirudh's head to move excessively upon impact and/or his body to be thrown out of the car seat.

9. As a result of the product failure set forth above, the plaintiff's decedent suffered severe, painful and permanent injuries including a fracture of the right frontal bone of his head as well as a hemorrhage of the brain. The young Anirudh

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

9

sustained severe abrasions to his head and face, a skull fracture, a collapsed lung, and severe trauma to his skull and spine.  He had an emergency intubation which was attempted along with cardiac resuscitation.  He sustained damage to his respiratory, circulatory, nervous and muscular systems.  He suffered tremendous pain and anguish and ultimately succumbed to his injuries.  As a result of the product failure  described above, the plaintiff administrator has incurred expenses for hospital care, medical care, funeral and burial services and incidental expenses related thereto.

10.  As a further result of the product failure as set forth above, the plaintiff's decedent lost the capacity to enjoy and carry on life's activities and participate in all of its pleasures.

11.  As a further result of the product failure as set forth above, the deceased plaintiff's estate will incur substantial financial loss as a result thereof as the decedent's capacity to carry out life's activities was destroyed as was his ability to earn wages in the future.

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

10

WHEREFORE, the plaintiff claims:

1. Fair, just and adequate monetary damages on all counts;

2. Punitive damages on all counts;

3. Cost of suit incurred herein; and

4. Such other and further relief as the court may deem just and proper.

PLAINTIFF, ADMINISTRATOR OF THE
ESTATE OF ANIRUDH NAGARAJAN
RAJESH


By_____
Bruce E. Newman
Newman, Creed & Associates

Their Attorneys

*A True Copy Attest*

*Hong Douglas*
*State Marshal*

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

11

RETURN DATE: OCTOBER 13, 2009  : SUPERIOR COURT
             :
             : JUDICIAL DISTRICT OF
ADMINISTRATOR OF THE ESTATE OF : HARTFORD
ANIRUDH NAGARAJAN RAJESH   :
             :
VS.            : AT HARTFORD
             :
TARGET, CORP. AND DOREL JUVENILE :
GROUP, INC. a/k/a DOREL JUVENILE
GROUP          : SEPTEMBER 2, 2009

### STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is more than fifteen

thousand ($15,000.00) dollars, exclusive of interest and costs.

      PLAINTIFF, ADMINISTRATOR OF THE
      ESTATE OF ANIRUDH NAGARAJAN
      RAJESH

      By_____
       Bruce E. Newman
       Newman, Creed & Associates

      Their Attorneys

*A True Copy Attest*

*Hong Douglas*
*State Marshal*

NEWMAN, CREED
& ASSOCIATES
99 NORTH ST., RTE. 6
P.O. BOX 575
BRISTOL, CT 06011-0575
TEL: (860) 583-5200
JURIS NO. 419468

        12

# EXHIBIT B

DOCKET NO.:  CV 09-5033166-S         :   SUPERIOR COURT
                                     :
ADMINISTRATOR OF THE ESTATE OF       :   JUDICIAL DISTRICT OF
ANIRUDH NAGARAJAN RAJESH,            :   HARTFORD
                                     :
         v.                          :   AT HARTFORD
                                     :
TARGET, CORP. and DOREL JUVENILE     :   OCTOBER 8, 2009
GROUP, INC.                          :


### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendants, Dorel Juvenile Group, Inc. and Target,

Corp., have filed a Notice of Removal of this action in the Office of the Clerk of the United

States District Court for the District of Connecticut.

By: _____

John W. Bradley, Jr.
Rome McGuigan, P.C.
One State Street
Hartford, CT  06103-3101
Juris #027726
(860) 549-1000
(860) 724-3921 (fax)
jbradley@rms-law.com

OF COUNSEL:

Walter C. Greenough
Jonathan Judge
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL  60606
(312) 258-5500

*Rome McGuigan, P.C.  •  Attorneys at Law*
One State Street  •  Hartford, Connecticut 06103-3101  •  (860) 549-1000  •  Fax (860) 724-3921  •  Juris No. 27726

## CERTIFICATE OF SERVICE

This is to certify that on October 8, 2009 a copy of the foregoing was mailed, postage prepaid, U.S. Mail Delivery, to:

Bruce E. Newman
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT  06011-0575
(*Counsel of Record for Plaintiff*)

_____
John W. Bradley, Jr.

16004-1/GJ4985

*Rome McGuigan, P.C.  •  Attorneys at Law*
One State Street  •  Hartford, Connecticut 06103-3101  •  (860) 549-1000  •  Fax (860) 724-3921  •  Juris No. 27726